UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKY OTRA,

                    Petitioner,

                                                          **DECISION and ORDER**
              -v-                                          05-CV-645S

ISRAEL RIVERA,

                    Respondent.

_____

On February 13, 2006, Petitioner, acting *pro se*, filed a request to stay his Petition

for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, so that he could file a

motion under New York Criminal Procedure Law § 440.10 in New York State Court to

exhaust a claim, not presently raised in his Petition, that the prosecutor unconstitutionally

charged Petitioner with both intentional murder and depraved indifference murder, and

then amend the Petition to assert said claim in this proceeding.[1]   (Docket No. 9).

Petitioner, however, does not provide any reason why he did not previously exhaust this

claim in state court before filing his Petition in this Court.  For the reasons set forth below,

Petitioner's motion for a stay is denied without prejudice to re-filing upon an adequate

showing, pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440

(2005), that: (1) there is good cause for the petitioner's failure to exhaust the claim; and (2)

that the claim is not plainly meritless.  *Rhines*, 544 U.S. at 277, 125 S. Ct. at 1534, 161 L.

_____

[1]*See Policano v. Herbert*,--- F.3d ----, 2006 WL 1698782 (2d Cir. June 21, 2006).

Ed. 2d at 450;[2] *see also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a showing of: (1) good cause for petitioner's failure to exhaust the new claims; (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition; and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In 2004, the United States Supreme Court directly addressed the stay and abeyance approach that had been adopted by a number of Circuits, including the Second Circuit, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.)*, cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925,  122 S. Ct. 506, 151 L. Ed. 2d 415 (2001), which allows a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and dismiss without prejudice the unexhausted claims so that the petitioner could return to state court to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims.  Assuming the petitioner complied with the conditions of the stay -- specifically, to file exhaustion proceedings in state court within 30 days after entry of the Court's order granting a stay and to return to the district court within 30 days after the completion of the state court exhaustion proceedings -- the reinstated claims could be determined to relate back to the date of the original petition for statute of limitations purposes.  *Id.* at 381-82.

In *Rhines*, 544 U.S. at 277, 125 S. Ct at 1534, 161 L.Ed.2d at 450, the Supreme

---

[2] In *Rhines*, the Court also discussed a third factor, *i.e.*, the petitioner did not "engage[] in abusive litigation tactics or intentional delay."  544 U.S. at 278, 125 S.Ct. at 1535, 161 L.Ed.2d 440.

Court approved the stay and abeyance approach but limited its use to only those situations where there was a showing that there existed "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.* at 277, 125 S. Ct. at 1535; 161 L. Ed. 2d at 450.

In the instant matter, Petitioner has completely failed to establish the criteria for the granting of a stay as set forth in *Rhines*. Petitioner offers no justification for why he did not previously exhaust the claim he now seeks to exhaust; in other words, he has not established "good cause" for his failure to exhaust the claim that the prosecutor unconstitutionally charged him with both intentional murder and depraved indifference murder prior to filing the instant matter in this Court.[3] Without a showing of both "good cause" and that the claim is "potentially meritorious," Petitioner's request for a stay of these proceedings must be denied.[4]

Accordingly, Petitioner's Motion (Docket No. 9) for a stay of these proceedings is **DENIED** without prejudice to re-filing upon an adequate showing pursuant to *Rhines*, 544 U.S. at 277-78, 125 S. Ct. at 1535, 161 L. Ed. 2d at 450, that: (1) there is good cause for Petitioner's failure to exhaust the new claim; and (2) that said claim is not "plainly meritless." Moreover, if Petitioner re-files his motion for a stay, he must also file a

---

[3]"[T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default . . . , the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at * 6 (citation omitted).

[4]The denial of the motion for a stay in no way precludes petitioner from raising this claim in state court.

proposed amended petition which includes both the claims raised in the Petition and the new claim he wishes to exhaust and add to the Petition.

The Clerk of the Court should forward to Petitioner, along with a copy of this Decision and Order, the Court's form for filing a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.

Any additional motions to stay these proceedings must be filed no later than **30 days** after Petitioner's receipt of this Order.  Any motion for a stay filed after that period will be denied, unless Petitioner can establish cause for his inability to file a renewed motion for a stay within 30 days of his receipt of this Order.

SO ORDERED.

Dated:        September 19, 2006
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge