-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY ORTA,

                  Petitioner,

         -v-

ISRAEL RIVERA, Supt.,

                Respondent.

**DECISION and ORDER**
05-CV-645S

## INTRODUCTION

On March 14, 2002, following a jury trial, petitioner, Ricky Orta, was convicted of one count of "intentional" murder in the second degree, N.Y. Penal Law, § 125.25(1), and one count of criminal possession of a weapon in the second degree, *id.* § 265.03, and sentenced to twenty-five years to life in prison. (Petition, ¶ 1-4). He had also been charged with, but acquitted of, "depraved indifference" murder in the second degree, N.Y. Penal Law, § 125.25(2).

The initial petition for habeas corpus relief raised three claims for relief: 1) the jury verdict of intentional murder was against the weight of the evidence; 2) the prosecution failed to establish that the out-of-court declaration it was permitted to introduce at trial fell under the excited utterance exception to the hearsay rule; and 3) the prosecution impermissibly cross-examined petitioner about his failure to complain to the police about the victim's prior threats against him in violation of his right against self-incrimination. (Docket No. 1, Petition, ¶ 22).

Presently before the Court is petitioner's renewed motion to stay or hold the petition in abeyance so that he can continue to exhaust two additional or "new" claims in state court. (Docket No. 12-1).  Along with the motion to hold the petition in abeyance, petitioner filed an amended petition (Docket No. 12-2), which raises the two new claims he is currently exhausting in state court: (1) the prosecution improperly charged both intentional and depraved indifference murder--a "mirror [sic] theory" of the same crime--which deprived petitioner of his right to a fair trial;[1] and (2) ineffective assistance of trial counsel based on trial counsel's failure to raise the issue that the prosecution impermissibly charged and presented to the jury both intentional murder and depraved indifference murder.[2] (Docket No. 12-2, Amended Petition, Grounds Four and Five).

After the filing of the motion to hold the petition in abeyance and amended petition, the Court directed that the amended petition be construed as a motion to amend the petition, *see* Fed.R.Civ.P. 15(a), and provided respondent an opportunity to respond to both the renewed motion to hold the petition in abeyance and to amend the petition.  (Docket No. 13).  Respondent filed a response to the motions opposing them (Docket No. 14), and petitioner filed a reply (Docket No. 15) and a letter regarding the status of his state court exhaustion proceedings (Docket No. 17).

---

[1] *See Policano v. Herbert*, 430 F.3d 82 (2d Cir. 2005), opinion withdrawn and superseded by, --- F.3d ----, 2007 WL 2982920 (2d Cir. Sept. 19, 2007); *People v Suarez*, 6 N.Y.3d 202, 811 N.Y.S.2d 267, 844 N.E.2d 721 (2005).

[2] An earlier Order of the Court, which denied petitioner's first motion to hold the petition in abeyance, advised petitioner that if he was going to file a renewed request for a stay-and-abeyance he would need to include a proposed amended petition that raised the additional or new claims he wished to raise in this federal habeas corpus proceeding after he had exhausted them in state court.  (Docket No. 11).

2

**STAY-AND-ABEYANCE**

Petitioner asserts that when his matter was on direct appeal, he requested assistance from the Coxsackie Correctional Facility Law Library to prepare a pro se supplemental brief and was provided assistance from an inmate law assistant. (Docket No. 12). He claims that the arguments raised in his pro se supplemental brief were rejected by the Appellate Division on the grounds that they were unpreserved for appellate review and without merit. The Appellate Division's Memorandum affirming petitioner's conviction noted that the two claims raised in the pro se supplemental brief were that the court improperly charged the jury with respect to the justification defense and the affirmative defense of extreme emotional disturbance, and that petitioner was denied a fair trial based on the delay in receiving *Brady* and *Rosario* material. The Appellate Division held that petitioner failed to preserve the first claim and that, in any event, the court's charge conveyed the correct legal standards. As to the second claim, the Appellate Division found that petitioner conceded that he received the material before trial and that, because he did not later object or seek sanctions as to the delay, he was deemed to have abandoned the claim. *People v. Orta*, 12 A.D.3d 1147 (4th Dept. 2004).

The Court notes that neither of these claims are the two new claims petitioner is currently exhausting[3] and has raised in the amended petition and, therefore, the relevance

---

[3]On April 18, 2006, petitioner filed a motion to vacate his conviction pursuant to N.Y.Crim.Proc.L., § 440.10 ("440.10"). In that motion, petitioner argued that he was denied a fair trial by the prosecution's presentation to the jury of both intentional murder and deprived indifference murder and that his counsel was ineffective in failing to, *inter alia*, properly object to the presentation of these two distinct theories of murder. (Docket No. 10, Petitioner's § 440.10 motion). The motion was denied by the trial court on August 8, 2006, pursuant to N.Y.Crim.Proc.L., § 440.10(2)(c), on the procedural ground that petitioner failed to raise such grounds on appeal. (Docket No. 12-2, Amended Petition, Attachment--*People v. Orta*, Indictment No. 2001-0259, Decision and Order, pp. 2-3). On September 5, 2006, petitioner filed a motion with the Appellate Division seeking leave to appeal from the denial of his § 440.10 motion. Petitioner informed the Court by

of his assertion that he received poor advice from the inmate law assistant in preparing his pro se supplemental brief and that this somehow satisfies the "good cause" requirement of *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 1532-33, 161 L. Ed. 2d 440, 450 (2005), is not immediately apparent to the Court.

Petitioner also asserts that the new claims are potentially meritorious because his trial counsel's unfamiliarity with the law in New York involving the "mirror" charges of intentional murder and depraved indifference murder led to his conviction and the prosecution's decision to charge both counts of murder denied him a fair trial. *See People v. Suarez*, 6 N.Y.3d 202, 811 N.Y.S.2d 267, 844 N.E.2d 721 (2005).

Respondent asserts in opposition to the motions that the new claims raised in the amended petition are time barred under 28 U.S.C. § 2244(d)(1)-(2), and they do not relate back to the claims raised in the initial petition.  He also asserts that the new claims would be procedurally barred if he were to raise them in a N.Y.Crim.Proc.L., § 440.10 ("§ 440.10") motion, *see* § 440.10(2)(c), and that petitioner has neither established good cause nor that the claims are potentially meritorious as required under *Rhines*, 544 U.S. at 277-78, 125 S.Ct. 1528, 1532-33, 161 L. Ed. 2d 440, 450.[4]

---

letter, dated March 30, 2007, that his application for leave to appeal was still pending with the Appellate Division.  (Docket No. 17).

[4]Respondent asserts that these claims would be procedurally barred if now brought in a § 440.10 motion because they could have been brought on direct appeal or in petitioner's "first" § 440.10 motion.  *See* N.Y.Crim.Proc.L., § 440.10(2)(b)-(c).  As the Court notes in footnote 3, *supra*, petitioner raised claims similar to these new claims in a § 440.10 motion filed on April 18, 2006, and denied by the trial court on August 8, 2006.  Petitioner's application for leave to appeal is still pending in the Appellate Division.  Although respondent refers to a § 440.10 motion filed in April 2006 (Docket No. 14, Respondent's Response, p. 3), he appears to be suggesting that the claims raised in that motion are, in fact, not the new claims raised in the amended petition (*id.*, pp. 4-5).  Petitioner has only filed one § 440.10 motion.  (Docket No. 15, Petitioner Reply).

In *Rhines*, the Supreme Court held:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

\* \* \*

And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

\* \* \*

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Id.*, 544 at 277-78, 125 S.Ct. 1528, 1532-33, 161 L. Ed. 2d 440, 450.

"While the Supreme Court has indicated that 'a petitioner's unreasonable confusion about whether a state filing would be timely' could constitute good cause, *Pace v. DiGuglielmo*, 544 U.S. 508, 125 S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), neither it nor any Circuit court has articulated a standard for 'good cause.'" *Bryant v. Greiner*, No. 02 Civ. 6121, 2006 WL 1675938, at \* 5 (S.D.N.Y., June 15, 2006); *see also Aessa v. Annetts*, No. 06 CV 5830(ARR), 2007 WL 1299155, at \*3 (E.D.N.Y., April 30, 2007). "Some courts

outside this Circuit, have analogized the good cause analysis to that of the 'cause' analysis required to overcome a procedural bar.  *Id.* (citations omitted).  Other courts have found that 'good cause' requires 'a lesser showing,' and that the Supreme Court likely intended a broader standard."  *Id.* (citations omitted).  "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions."  *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at * 6 (E.D.N.Y., Feb. 8, 2006) (citation omitted).[5]

Based on all the relevant factors set forth above and the fact that petitioner has taken what this Court finds was reasonable and prompt action to exhaust the claims regarding the prosecution's decision to charge and present to the jury the twin theories of murder in the second degree, which the New York Court of Appeals confirmed in 2005 should not both be presented to the jury,[6] and that his trial counsel was ineffective in dealing with this error, the Court finds that petitioner has shown good cause under *Rhines*.

---

[5]A lesser showing of cause is certainly supported by the very rationale for approval of the stay-and abeyance approach in the first place--*i.e.*, to ameliorate the prejudice that may be caused by the one year statute of limitations and the *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 415 (1982), requirement that "mixed" petitions be dismissed pending exhaustion, *see Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir.), *cert. denied sub nom Fischer v. Zarvela*, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001). *See, e.g., Bryant*, 2006 WL 1675938, at * 5 (lesser showing necessary); *Fernandez v. Artuz*, No. 00 Civ.7601 KMW AJP, 2006 WL 121943, at * 6-7 (S.D.N.Y., Jan. 18, 2006) (same) (citing *Rhines v. Weber*, 408 F.Supp. 844, 849 (D. S.D. 2005) and *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)).

[6]"Thus, where twin-count indictments are lodged, trial courts should presume 'that the defendant's conduct falls within only one category of murder and, unless compelling evidence is presented to the contrary, dismiss the count that is least appropriate to the facts.' (Citation omitted).  In sum, whether a small, finite or rare category, depraved indifference murder should not be routinely charged to a jury.  Focus on the three statutory factors that distinguish depraved indifference murder--"circumstances evincing a depraved indifference to human life," recklessness and "a grave risk of death to another person"--should again make clear that the statute properly applies only to the unusual case[.]"  *People v. Suarez*, 6 N.Y.3d 202, 215, 811 N.Y.S.2d 267,  844 N.E.2d 721 (2005).

In fact, contrary to respondent's assertion, the new claims added to the amended petition relating to the <u>Suarez</u> issue and his trial counsel's failure to object to the presentation of the twin theories of second degree murder to the jury, are not time-barred. Petitioner's conviction for purposes of 28 U.S.C. § 2244(d)(1)(A) became "final" on May 28, 2005--*i.e.*, 90 days after the New York Court of Appeals denied him leave to appeal from the affirmance of his conviction by the Appellate Division. *See Willaims v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). The one-year period of limitations was to expire on May 28, 2006, and on September 12, 2005 the instant habeas corpus proceeding was filed timely. Petitioner filed the § 440.10 motion on April 18, 2006, before the expiration of the period of limitations, and since his request for leave to appeal from the denial of that motion is, as far as the Court can discern based on the current state of the record (Docket No. 17, Petitioner Letter, dated March 30, 2007), still pending with the Appellate Division, the statute of limitations has, in effect, been tolled since April 18, 2006. *See Bethune v. Superintendent, Bare Hill Correctional Facility*, 299 F.Supp.2d 162 (W.D.N.Y. 2004) (With respect to a C.P.L. § 440.10 motion, the limitations period is tolled from the time it is filed in the trial court until the Appellate Division decides the motion or denies an application for leave to appeal from the denial of the motion). Therefore, the filing of the amended petition on or about October 6, 2006,[7] which the Court has construed as a motion to amend the petition (Docket No. 13),

---

[7]A *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, *see Houston v. Lack*, 487 U.S. 266, 271, 108 S. Ct. 2379, 2382, 101 L. Ed.2d 245 (1988); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). Petitioner's renewed motion for a stay is dated October 6, 2006, which the Court presumes for purposes of the mail box rule is the date it was placed in the hands of prison officials for filing and thus filed with the Court.

was within the "tolled" period of limitations and the two new claims added in the amended petition are not untimely.

Moreover, and importantly, petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535, 161 L.Ed.2d 440.  Some courts have found this a "critical component of the stay-and-abeyance analysis . . . ." *Bryant*, 2006 WL 1675938, at * 6 (citations omitted).  In fact, three concurring Justices in *Rhines* would have held that this factor alone be the test for a stay.  *Rhines*, 544 U.S. at 278,125 S.Ct. at 1536, 161 L.Ed.2d 440 (Souter, J., concurring, joined by Ginsburg, J. and Breyer, J.).  Petitioner filed the instant petition on September 12, 2005, less than four months after the petition became final for purposes of § 2244(d)(1)(A); and he filed his first motion for stay-and-abeyance on February 13, 2006, less than five months after filing the petition and a short time before he filed his currently pending § 440.10 motion.  After the Court denied petitioner's first motion for a stay, he, pursuant to the Court's directions, timely re-filed his motion for a stay and filed an amended petition raising the unexhausted claims. All of these factors favor a finding of good cause and that petitioner has not engaged in intentionally dilatory litigations tactics.

Lastly, the Court cannot conclude at this time that the two claims added to the petition are "plainly meritless."  "The 'plainly meritless' standard sets a low bar."  *Bryant*, 2006 WL 1675938, at * 5 (citing *Rhines*, 544 U.S. at 277-78, 125 S.Ct. at 1535, 161 L.Ed.2d 440).  Although the trial court dismissed petitioner's § 440.10 motion on the procedural ground that the claims raised therein could have been raised on direct appeal, *id.* § 440.10(2)(c), the Court cannot definitively conclude at this time that petitioner would not be

8

able to establish "cause" and "prejudice" under *Harris v. Reed*, 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

## CONCLUSION

Accordingly, petitioner's renewed motion to stay the amended petition and motion to amend the petition (Docket No. 12) are **GRANTED** and this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice the currently unexhausted claims (Docket No. 12-2, Amended Petition, Grounds Four and Five).  If petitioner returns to this Court within the time limits set forth below, he will be permitted to reinstate his claims.

This stay is conditioned on petitioner's return to the district court within **30 days** of the completion of his effort to exhaust the two new claims--*i.e.*, following a decision by the Appellate Division on petitioner's request for leave to appeal from the denial of his § 440.10 motion.[8] If this condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered and the dismissed claims will not be reinstated.

## ORDERS

IT HEREBY IS ORDERED, that petitioner's motions to stay the petition and amend the petition (Docket No. 12) are **GRANTED** and grounds four and five of the amended petition are dismissed without prejudice subject to the condition that petitioner return to this Court within **30 days** of the completion of the pending state court proceeding by both

---

[8]A denial by the Appellate Division of an application for leave to appeal from the denial of a § 440.10 motion is not reviewable by the Court of Appeals.  *See* C.P.L. § 450.90; *Bethune*, 299 F.Supp.2d at 164.

notifying the Court in writing that the Appellate Division has determined his request for leave to appeal from the denial of his § 440.10 motion and by filing a motion to lift the stay.

FURTHER, that the amended petition is stayed pending petitioner's exhaustion of the dismissed claims.  Upon timely notification by petitioner of the completion of the state court proceedings and filing of a motion to lift the stay, the Court will reinstate the two dismissed claims and direct respondent to file an answer to the amended petition.

SO ORDERED.

Dated:          November 5, 2007
                Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge